# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BEHAVIORAL HEALTH INDUSTRY NEWS, INC., D/B/A/ OPEN MINDS,** : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> **MENTAL HEALTH SYSTEMS, INC.,** : <br> : <br> Defendant, and : <br> Counterclaim : <br> Plaintiff, : <br> : <br> v. : <br> : <br> **BEHAVIORAL HEALTH INDUSTRY NEWS, INC., D/B/A OPEN MINDS, MONICA E. OSS, and JOE NAUGHTON-TRAVERS,** : <br> : <br> Counterclaim and : <br> Third-Party : <br> Defendants : | **CIVIL ACTION NO. 1:16-CV-1874** <br><br> **(Chief Judge Conner)** |

## **ORDER**

AND NOW, this 2nd day of July, 2018, upon consideration of the motion (Doc. 56) to quash and supporting briefs (Docs. 59, 68) filed by third-party defendant Joe Naughton-Travers ("Naughton-Travers"), seeking to quash the subpoenas (Docs. 56-1, 56-2, 56-3) issued by defendant and counterclaim plaintiff Mental Health Systems, Inc. ("MHS") to American Express, Marriott International, Inc. ("Marriott"), and AT&T, wherein Naughton-Travers argues, *inter alia*, that the information sought is irrelevant, overly broad, "unreasonably cumulative and duplicative," and private, and further upon consideration of MHS's response (Doc.

64) in opposition, and the court observing that Federal Rule of Civil Procedure 45 requires a court to quash or modify any subpoena that: (1) does not allow a reasonable compliance period, (2) seeks compliance beyond the geographic limits set forth elsewhere in the Rule, (3) requires a person to disclose privileged or protected matter in circumstances when waiver or other exceptions do not apply, or (4) subjects a person to an "undue burden," FED. R. CIV. P. 45(d)(3)(A), and that the moving party bears a "heavy burden" of demonstrating that an enumerated basis for quashing the subpoena exists, see Malibu Media, LLC v. John Does 1-15, No. 12-2077, 2012 WL 3089383, at *5 (E.D. Pa. July 30, 2012) (citation omitted),[1] and the court further observing that Federal Rule of Civil Procedure 26 permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," FED. R. CIV. P. 26(b)(1), and that the "federal rules allow broad and liberal discovery," Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999), and the court finding that the information sought is directly relevant to MHS's counterclaims concerning excessive or fraudulent charges submitted by Naughton-Travers, (see Doc. 42 ¶¶ 23, 27, 30-31, 33), and not "unreasonably cumulative or duplicative," see FED. R. CIV. P. 26(b)(2)(C)(i), and the court further finding that Naughton-Travers fails to establish

---

[1] As a general rule, a motion to quash a third-party subpoena must be brought by the third party itself. See First Sealord Sur. v. Durkin & Devries Ins. Agency, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (quoting Thomas v. Marina Assocs., 202 F.R.D. 433, 434 (E.D. Pa. 2001)). This rule contains a narrow exception: a party may move to quash a third-party subpoena when the moving party claims a "personal right or privilege" in the subject matter of the subpoena. Id. (quoting Davis v. Gen. Accident Ins. Co., No. 98-4736, 1999 WL 228944, at *2 (E.D. Pa. Apr. 15, 1999)). The court finds that Naughton-Travers has adequately alleged a personal right in the content of the documents sought and thus has standing to move to quash.

2

an enumerated basis to quash the subpoenas, cf. Municipal Auth. of Westmoreland Cty. v. CNX Gas Co., LLC, No. 2:16-CV-422, 2017 WL 6539308, at *2, 4 (W.D. Pa. Dec. 21, 2017) (Conner, C.J.), but that MHS has not established relevance for January 1, 2010 through November 30, 2010 and February 1, 2016 through December 31, 2016, which periods of time pre- and postdate the contract period at issue *sub judice*, such that the temporal scope of the subpoenas must be limited, (see Doc. 42 ¶¶ 8, 16, 27; Doc. 64 at 9-12, Doc. 64-1, 64-2, 64-3, 64-4, 64-5, 64-6, 64-7), and it appearing that there is no confidentiality agreement or protective order in effect, (see Doc. 68 at 10 n.2), but that both parties are amenable to one, (see Doc. 64 at 13; Doc. 68 at 2-3, 10 n.2), and that the information sought is personal to Naughton-Travers such that good cause warrants certain limitations on the extent of its disclosure, see FED. R. CIV. P. 26(c), it is hereby ORDERED that:

1. Naughton-Travers' motion (Doc. 56) is DENIED subject to paragraphs 2 and 3 below.

2. MHS is prohibited from reviewing the information already produced by American Express and Marriott, (see Doc. 64 at 5 n.2), and shall direct AT&T to not respond to the subpoena issued thereto, (see Doc. 56-3), until the following conditions are met:

   a. The parties agree to the terms of a confidentiality agreement or protective order,

   b. This court approves of same, and

   c. The parties agree to the designation of the information produced pursuant to the terms of their confidentiality agreement or protective order.

3. The time period for the subpoenas, (Docs. 56-1, 56-2, 56-3), shall be limited to December 1, 2010 through January 31, 2016.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania